**Marquis Aurbach Coffing**
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
SHARA LARSON, ESQ.
Nevada Bar No. 7786
10001 Park Run Drive
Las Vegas, Nevada 89145
zlarson@maclaw.com
Telephone:(702) 382-0711
Facsimile: (702) 382-5816
Attorney(s) for Managing Member and Equity Interest Holders in CH. Angelus II, LLC

E-Filed: January 16, 2013

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| In Re: | Case No: BK-S-12-22209-MKN |
|---|---|
| CH. Angelus II, LLC, | Chapter: 7 |
| Debtor. | Date of Hearing: January 23, 2013<br>Time of Hearing: 2:30 PM<br>Courtroom: 2 |

**REPLY TO WILLIAM GAYLER'S OPPOSITION TO MOTION TO DISMISS BANKRUPTCY CASE PURSUANT TO 11 U.S.C. §707**

Managing Member of Debtor CH Angelus, II, LLC, Barry Moore, and Equity Interest Holders Barry R. Moore and Janie Moore as Co-Trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, CH Pichon, LLC, and Harlan LLC through their managing member John O'Brien (collectively, "*Angelus II Members*"), by and through their attorneys of the law firm of Marquis Aurbach Coffing hereby replies to William Gayler's Opposition to Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. §707 ("*Opposition*"). This Reply is made pursuant to 11 U.S.C. §707 and is based upon the following Memorandum of Points and Authorities, any Exhibits hereto, the Declaration of Barry Moore ("*Moore Decl.*") [Dkt. No. 15] and the Declaration of John O'Brien ("*O'Brien Decl.*") [Dkt. No. 16], the papers and pleadings on file herein, and any oral argument that this Honorable Court may allow. Debtor requests that the Court take judicial notice of the papers and pleadings filed in this bankruptcy case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION.

In an Opposition unsupported by any evidence other than the self-serving declaration of William A. Gayler ("*Gayler*"), Gayler alleges that he "owns and controls approximately eighty-eight percent (88%) of CH. Angelus II, LLC ("*Angelus II*"). Gayler repeatedly attempts to convince this Court that it is irrelevant that Gayler filed this bankruptcy without any notice to or authorization of the actual member managers or the other members. Gayler repeatedly attempts to convince this Court that it is irrelevant that he filed this bankruptcy for the self-serving purpose of hindering lawsuits pending against him by the other members of CH. Angelus II, LLC ("*Angelus II*").

The problem for Mr. Gayler is the evidence that he cannot hide from this Court. That he is no longer the member manager of Angelus II; that he did not have corporate authority to file the voluntary petition; that there are no creditors or other factors that require assistance of the Bankruptcy Court related to Angelus II's business; that Mr. Gayler's attempt to improperly utilize the Bankruptcy Court to delay and hinder the dispute between the members of Angelus II only evidences his continued and ongoing attempts to misuse his alleged position as manager and his bad faith in this filing.

The Angelus II Members have moved to dismiss this case under Bankruptcy Code §707 on the grounds that Gayler improperly filed the bankruptcy case without the necessary corporate authorization and without an actual and effective corporate resolution from Angelus II's members. While a fair amount of briefing is spent, by both sides, debating whether or not Gayler is still a Managing Member of Angelus II, in the end, that factual dispute may be irrelevant. Case precedent in other 9th circuit district courts indicates that a resolution from a manager is insufficient authorization for the filing of a bankruptcy petition without member approval. No meeting was ever

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

properly noticed or held to discuss or vote upon the filing of a bankruptcy petition on behalf of Angelus II. Rather, the decision to file was unilaterally made by Gayler.

In addition, this bankruptcy case was not filed to administer Angelus II's assets, but was filed to hinder a pending dispute between Angelus II's members that is pending in Nevada State Court. The Angelus II Members urge the Court to dismiss this improperly filed bankruptcy case and reserve jurisdiction to consider whether sanctions for the improper filing are proper.

## II. FACTUAL BACKGROUND

Gayler[1] believes himself to still be or fraudulently holds himself out to still be the managing member of Angelus II. *See* Moore Decl.; *see also* O'Brien Decl.; *see also Opposition passim.* On or about October 30, 2012, without corporate authority, Gayler caused a Chapter 7 petition to be filed on behalf of Angelus II.

### A. OWNERSHIP STRUCTURE OF DEBTOR AND DEBTOR'S MEMBERS

In the Opposition, Gayler alleges that he "own[s] and control[s] approximately 88% of the shares" in Angelus II. He then represents that the 88% is comprised of 12.5% in the William A. Gayler Irrevocable Trust ("*Gayler Trust*"), 35.5% as Managing Member of Groth, LLC ("*Groth*"), and 40.7% as Managing Member of CH Pichon, LLC ("*Pichon*"). The percentages of ownership provided in the Opposition and in Gayler's Declaration are no longer accurate. Furthermore, Gayler claims as managing member to "own and control" all of Groth and Pichon, conveniently ignoring the interest of the non-managing members in those entities.

As set forth in the Declarations of Mr. Moore and Mr. O'Brien, Angelus II is owned by Barry Moore as Trustee of BAMM Living Trust ("*BAMM*") (8.5%), Groth (26.8%), Pichon (30.73%), Harlan, LLC ("*Harlan*") (24.57%), TGF Holdings, LP (an entity owned and managed

[1] Gayler's personal Chapter 7 bankruptcy case was filed on or about November 16, 2009 in the District of Nevada, Case No. 09-31603-MKN. It remains an open, asset case with multiple adversary proceedings filed therein.

by Gayler) (5.62%), and Walter Loerwald (3.78%). *See* Moore Decl.; *see also* O'Brien Decl. The percentages of ownership in Angelus II set forth in the Declarations of Mr. Moore and Mr. O'Brien are further confirmed by expense invoices sent to all members of Angelus II when Gayler was still acting managing member as far back as March 11, 2010. *See* Expenses Invoices setting forth member ownership percentages prepared by Gayler, attached hereto as Exhibit 6.[2]

As confirmed by the Declarations of Mr. Moore and Mr. O'Brien when setting forth the attendance and voting at the June 14, 2012 member meeting, Groth is owned by John O'Brien (31.25%), Bert's Boys Inc. PSP (12.5%), Kevin Morley (12.5%), Gayler as Trustee of Gayler Trust (10.625%), Martin & Robin Barrett (6.25%), Cynthia Brown (6.25%), William Godfrey (6.25%), Rod & Cynthia Leavitt Trust (6.25%), Wade & Carolyn Leavitt Trust (6.25%), Meritage Gayler (1.875%). *See* Moore Decl.; *see also* O'Brien Decl. The percentages of ownership in Groth set forth in the Declarations of Mr. Moore and Mr. O'Brien are further confirmed by expense invoices sent to all members of Groth when Gayler was still acting managing member as far back as February 23, 2011. *See* Exhibit 6.

As confirmed by the Declarations of Mr. Moore and Mr. O'Brien, Pichon is owned by John O'Brien (50%), William Gayler (22.5%), Martin & Robin Barrett (12.5%), John Waroe (12.5%), and Meritage Gayler (2.5%). *See* Moore Decl.; *see also* O'Brien Decl. The percentages of ownership in Pichon set forth in the Declarations of Mr. Moore and Mr. O'Brien are further confirmed by expense invoices sent to all members of Pichon when Gayler was still acting managing member as far back as February 15, 2011. *See* Exhibit 6.

Upon information and belief, Harlan appears to be owned by John O'Brien (50%) and William Gayler (50%).

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

---
[2] Continuing as next in succession to Exhibits to the Motion to Dismiss.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**B. STATE COURT ACTIONS AND COURT ORDERS THEREIN.**

Gayler repeatedly attempts to persuade the Court that the State Court Cases discussed in the Angelus II Member's Motion are irrelevant to the issues before this Court. This is simply Gayler's attempt to avoid any scrutiny into his continuous self-serving conduct and violations of the operating agreements of numerous entities, including Angelus II. Gayler has a sorted history of attempting to utilize his managing member status (a position he no longer holds in Angelus II) for his own self-gain, without authorization from or notice to the non-managing members, and in direct violation of the Operating Agreements and Nevada law. This conduct continues in his unauthorized filing of this bankruptcy case.

The Angelus II Members have had to sue Gayler and other defendants in two separate actions. First, on August 6, 2009, Angelus II Members, BAMM and other plaintiffs, including Mr. O'Brien (collectively "*Plaintiffs*"), filed a complaint in the Eighth Judicial District Court in Clark County, Nevada, Case No. A-09-596777-C ("*State Court Case I*") against Gayler and others, which sought, among other things, to quiet title of the property owned by Angelus II in the name of the respective LLC and to declare invalid a $2 million loan made by Defendants Eliot A. Alper, Trustee of the Eliot A. Alper Revocable Trust Dated March 22, 1999 and Alper Limited Partnership (hereinafter collectively "*Alper*") to Angelus II, and another entity, Ch. Angelus I, LLC ("*Angelus I*"), by reason of Gayler's self-dealing and wrongful conduct. *See* Moore Decl.; *see also* O'Brien Decl. It had been determined by the Plaintiffs that through Gayler's unauthorized conduct in violation of the Angelus II Operating Agreement as set forth in Sections 6.01(d), 7.01(f) and 8.01(h)-(i) [Dkt. 14-1, p. 39], Alper loaned $2 million to Angelus I and Angelus II on September 26, 2008, which was all due and payable on September 26, 2009. *See id.* The $2 million loan was secured by five (5) acres of real property owned by Angelus II and other property owned by Angelus I. *See id.* The Operating Agreement specifically vested the right to approve or disapprove any indebtedness or encumbrance with the non-managing

members of Angelus II, not Gayler. Yet, the Plaintiffs as non-managing members in the State Court Case I had no knowledge of the $2 million loan and did not consent to same. *See id.*

Moreover, prior to the filing of the bankruptcy, Gayler, again with no authorization of the members, sold the other 1.25 acres owned by Angelus II to Chad Laposky. This has resulted in another case pending in the Eighth Judicial District Court, in Clark County, Nevada, Case No. A-12-668997-B ("*State Court Case II*"). *See* Moore Decl.; *see also* O'Brien Decl. The Angelus II members filed their complaint in State Court Case II on September 25, 2012 and are pursuing multiple causes of actions related to Gayler's unauthorized conduct, which include setting aside the unauthorized sale and transfer to Laposky. Gayler was served with the Complaint in State court Case II on or about October 19, 2012. A mere 11 days later, Gayler filed this unauthorized chapter 7 bankruptcy.

Both of these actions are relevant to the Bankruptcy proceedings in that the State Court Cases involve the improper transfer of Angelus II assets and the procedural history of the State Court Case I clarifies the authority granted to Angelus II Members by various Court orders.

The procedural history of State Court Case I is set forth in the Motion to Dismiss. However, for the sake of refreshing the Court's recollection, the procedural history is restated herein.

**1. <u>The Procedural History of State Court Case I</u>**

After a six-day bench trial in front of the Honorable Judge Denton in the State Court Case I, on March 15, 2011, Judge Denton entered Findings of Fact and Conclusions of Law in favor of the Plaintiffs. *See* Moore Decl.; *see also* O'Brien Decl.*; see also* Findings of Fact and Conclusions of Law entered on or about March 15, 2011, attached hereto as Exhibit 7. The Findings entered in favor of the Plaintiffs quieted title of the real property identified as property APN 176-10-101-012 in the name of Angelus II. The Findings further declared the Deeds of Trust in favor of Alper in the amount of $2 million void and invalid. *See id.* After the entry of Findings of Fact and Conclusions of Law by the Court, on or about July 21, 2011, Alper

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

appealed the decision to the Nevada Supreme Court. *See* Moore Decl.; *see also* O'Brien Decl. Judge Denton also declared the note invalid in an Order approving Plaintiff's Motion for Summary Judgment.

On November 15, 2011, the parties to the State Court Case I participated in Nevada Supreme Court's NRAP 16 settlement program. *See id.* It was during the November 15, 2011 settlement conference that the settlement judge was advised by Plaintiff's counsel that additional time was needed to notice a member meeting of the Angelus I and Angelus II members. Accordingly, the settlement conference was postponed until November 28, 2011. *See id.*

Multiple attempts were made to set a member meeting in order to discuss potential settlement with Alper and the terms that the members would accept. While there are disagreements between the Parties as to which of the meetings held were valid, all parties appear to agree that a member meeting took place on December 8, 2011. *See id; see also* Opposition and Gayler Declaration. In a letter dated December 1, 2011, Gayler asked the members of Angelus I, Angelus II, Groth, Pichon, and Harlan to waive the 21 day notice requirement set forth in the Operating Agreement for a meeting and set a member meeting for December 8, 2011. *See* Moore Decl.; *see also* O'Brien Decl.; *see also* December 1, 2011 Letter from Gayler, attached hereto as Exhibit 8.

In his Opposition, Gayler does not challenge the validity of the December 8, 2011 meeting even though 21 day notice was not provided as required in the Operating Agreement. Thus, the precedent for member waiver of the 21 day notice requirement in exigent circumstances was set by Gayler, himself. However, Gayler apparently believes that only he can unilaterally determine when the notice provisions are properly or improperly waived by the majority of the members.

At the time of the December 8, 2011 meeting, Gayler was the acting managing member of Angelus I and Angelus II. However, when a vote was made related to a substitute Managing Member pursuant to Section 7.05 of the Operating Agreement, Gayler was not entitled to vote.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

*See* Exhibit 3 to Motion at Dkt. No. 14-1, p. 40. At the December 8, 2011 meeting, John Waroe was approved by the majority of the non-managing members as a substitute manager for the meeting. *See id.* At the meeting, a majority of Angelus I and Angelus II members voted to accept $1.3 million or higher in exchange for reinstating the $2 million Promissory Note and Deed of Trust secured by the properties owned by Angelus I and Angelus II. *See id.* A majority of the members resolved that the settlement division ratio would be 58% allocated to Angelus I and 42% allocated to Angelus II. *See id.*

Based on the December 8, 2011 meeting, settlement negotiations resumed with Alper and a settlement was subsequently reached on December 14, 2011. *See id.* Alper was to pay Angelus I and Angelus II $1.4 million in consideration for the Promissory Note dated September 25, 2008 secured by the Deed of Trust recorded on September 26, 2008 in the amount of $2 million in favor of Alper being reinstated in relation to the Angelus I and Angelus II properties. *See id.*

On January 10, 2012, another member meeting was held with Angelus I and Angelus II members to discuss the Settlement Agreement. *See id.* A quorum was present on behalf of Angelus I and Angelus II. *See id.* The settlement terms were approved by a majority of the Angelus I and Angelus II members and John Waroe was appointed to execute all necessary settlement documents. *See id.*

By Order dated April 6, 2012 in the State Court Case I, the District Court enforced and approved the settlement reached between the Plaintiffs and Alper. *See id; see also* Order Approving Settlement entered on or about April 6, 2012, attached hereto as Exhibit 9. Within the April 6, 2012 Order, the Court approved and ordered John Waroe to act as the appointed manager of Angelus I and Angelus II to execute any and all documents to finalize the settlement. *See id.* After the entry of the April 6, 2012 Order, Waroe authored a letter to the Court expressing his desire to resign as managing member of Angelus I and Angelus II. *See id.* On May 9, 2012, Plaintiffs' counsel notified all of the members of Angelus I and Angelus II that, in

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

light of Mr. Waroe actions, the Plaintiffs in the State Court Case I would seek an Order from the Court to appoint an alternative member to act in John Waroe's stead. *See id.*

On May 18, 2012, and pursuant to NRCP 70, the Plaintiffs in the State Court Case requested the District Court appoint John O'Brien, an Angelus I and Angelus II member, to act in place of John Waroe as the appointed manager of Angelus I and Angelus II to execute any and all documents to finalize the settlement. *See id.* No opposition being filed by any member of Angelus I and Angelus II, including Gayler, the Court granted the NRCP 70 motion authorizing and directing John O'Brien to act as the appointed manager of Angelus I and Angelus II and "to take all actions necessary on behalf of Angelus I and Angelus II to ensure that prompt action is taken to finalize the settlement reached with Alper." *See id*; *see also* Order Pursuant to NRCP 70 entered on or about June 11, 2012, attached hereto as Exhibit 10. The above Order was entered on June 11, 2012 and a copy of the Order was mailed to all Angelus I and Angelus II members. *See id.*

**C. THE JUNE 14, 2012 MEMBER MEETING**

Gayler contends that he remains the Managing Member of Angelus II because, according to Gayler, the June 14, 2012 meeting was improperly noticed and a quorum was not present. This argument ignores the Court Orders in the State Court Case, the precedent in noticing exigent member meetings, and the operating agreement and is based on erroneous ownership percentages of Angelus II.

To fully carry out the Court's Order, Mr. O'Brien, acting as appointed manager of Angelus I and Angelus II pursuant to Court Order, noticed a member meeting to be held on June 14, 2012 at 2:00 pm. *See id.* Mr. O'Brien noticed the meeting on shortened time due the exigent circumstances, as per precedent set by Gayler, and a majority of the members of Angelus II waived the notice requirements through their attendance and participation either in person or by irrevocable proxy. *See id.* In a notice letter dated June 7, 2012, Mr. O'Brien informed the members that the primary purpose of the June meeting was to provide a forum for the Angelus I

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

and Angelus II members to discuss and vote on several issues. Of particular relevance to the issue of whether Gayler remains the managing member of Angelus II were the following issues:

4. Appointing a new managing member of Angelus I and Angelus II; and

5. Any and all other matters that need to be discussed, addressed and resolved by the Angelus I and Angelus II members.

*See id.*

Taking into consideration the short notice, an irrevocable proxy voting ballot was mailed to every member involved in Angelus I and Angelus II. *See id.* The irrevocable proxy voting ballots allowed members to cast their vote in lieu of attending the June meeting on the following votes as relevant to whether Gayler remains managing member of Angelus II:

> **VOTE #4**: Any and all membership interest held or claimed to be held by William A. Gayler, Martin Barrett, Walter Loerwald or any entity or trust under their control or ownership related in any way to Angelus I and/or Angelus II shall be held in trust until the resolution or adjudication of the remainder of the claims asserted against them in the Lawsuit.
>
> ___ YES ______ NO
>
> **VOTE #5**: A new managing member of Angelus I and Angelus II shall be elected by the majority of the non-managing members present.
>
> ___ YES ______ NO

See id.

Prior to the June Meeting, the following members cast their affirmative vote via proxy and in favor of Votes #4 through Vote #5: (a) Douglas Thomas; (b) Cynthia Brown; and (c) William Godfrey. *See id.; see also* Proxy Voting Ballots attached to the Motion as "Exhibit 1." Each of these members intended the execution and delivery of their proxy voting ballot to be deemed irrevocable. *See id.* By executing their proxy, these members consented to the election of a new managing member by the majority of the non-managing members present at the meeting and by way of that vote, consented to the removal of Gayler as managing member.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

As explained to the Court above and as supported by evidence provided to the court, Gayler's arguments and allegations regarding the ownership percentages and all associated arguments made related to whether a quorum was present at the June 14, 2012 meeting are factually inaccurate and should be wholly discounted by the Court. The ownership percentages are as represented by the Declarations of Moore and O'Brien and as confirmed by expenses invoices for each entity prepared by Gayler, himself when acting as Managing Member back in 2010 and 2011.

Pursuant to Section 8.01(f) and (g) of the Operating Agreement, only the non-managing members shall have the right to remove a managing member for cause and only the non-managing members shall have the right to elect a new managing member upon removal or bankruptcy of a managing member. *See* Exhibit 3 attached to Motion Dkt. 14-1, p. 42. Therefore, for purposes of a vote regarding the removal and election of a managing member, only the non-managing members may vote. Pursuant to Section 8.04(b), "non-managing members present **in person and by proxy** holding in excess of fifty percent (50%) of the non-managing membership shall constitute a quorum." *See* Exhibit 3 attached to Motion Dkt. 14-1, p. 43. These provisions are identical in the Operating Agreements for Groth, Pichon, and Harlan. *See* Operating Agreements of Groth, Pichon, and Harlan attached hereto as Exhibits 11, 12, and 13 respectively. Thus, in assessing whether a quorum is present, for any of these entities, it is the non-managing member shares that must be present to constitute a quorum.

On June 14, 2012, at 2:01 p.m., the meeting commenced with various members of Angelus II present in person and by proxy. On the following page is a chart illustrating the attendance and ownership percentages of the members present at the June meeting. As the chart clearly demonstrates, a quorum was present at the June meeting on behalf Angelus II and on behalf of the non-managing members, Groth, Pichon and Harlan. At the meeting, the Angelus II members present either in person or by proxy affirmatively and unanimously voted in favor of Vote #4 through Vote #5. *See id.*; *see also* Moore Decl.; O'Brien Decl.; Exhibit 1. Based on the

factual and legal findings entered by Judge Denton in the State Court Case, it was determined that Gayler had established a history of not acting in the best interests of Angelus II. *See* Exhibit 2; *see also* Moore Decl.; O'Brien Decl.; Exhibit 1.

By unanimous vote, the majority of Angelus II members at the member meeting resolved that Barry Moore shall serve as the new managing member of Angelus II. *See id.*; *see also* Moore Decl.; O'Brien Decl.; Exhibit 1. The majority of the non-managing members of Groth (68.75%) appointed John O'Brien as the new managing member of Groth. *See id.*; *see also* Moore Decl.; O'Brien Decl.; Exhibit 1. By a majority vote of the non-managing members, John O'Brien was also appointed as the new managing member of Pichon and Harlan. *See id.*; *see also* Moore Decl.; O'Brien Decl.; Exhibit 1.

Accordingly, it was confirmed at the June 14, 2012 membership meeting of Angelus I and Angelus II members that Gayler was removed as the managing member of Angelus II and was removed as the managing member by the non-managing members of Angelus II, Groth, Pichon and Harlan. *See id.*; *see also* Moore Decl.; O'Brien Decl.; Exhibit 1.

The chart below illustrates the attendance and ownership percentages of the members present at the June meeting.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

| Angelus II Members | | | Present by Proxy or Attendance | % of Angelus II |
|---|---|---|---|---|
| **Barry Moore, Trustee of BAMM** | | | **Yes** | **8.5%** |
| **Groth, LLC** | | | **Yes** | **26.8%** |
| | **Members of Groth** | **% of Groth** | | |
| | John O'Brien | 31.25% | Yes | |
| | Bert's Boys Inc. PSP | 12.5% | Yes | |
| | Kevin Morley | 12.5% | No | |
| | Gayler as Trustee of Gayler Trust | 10.625% | No | |
| | M. and R. Barrett | 6.25% | No | |
| | Cynthia Brown | 6.25% | Yes | |
| | William Godfrey | 6.25% | Yes | |
| | R & C Leavitt Trust | 6.25% | Yes | |
| | W & C Leavitt Trust | 6.25% | Yes | |
| | Meritage Gayler | 1.875% | No | |
| | TOTALS | 100% | | |
| | **% of All Members Present** | | **68.75%** | |
| | **% of Non-Managing Members Present** | | **78.57%** | |
| | **Quorum of Groth Present?** | | **Yes** | |
| **Pichon, LLC** | | | **Yes** | **30.73%** |
| | **Members of Pichon** | **% of Pichon** | | |
| | John O'Brien | 50% | Yes | |
| | William Gayler | 22.5% | No | |
| | M. and R. Barrett | 12.5% | No | |
| | John Waroe | 12.5% | No | |
| | Meritage Gayler | 2.5% | No | |
| | TOTALS | 100% | | |
| | **% of All Members Present** | | **50%** | |
| | **% of Non-Managing Members Present** | | **66.66%** | |
| | **Quorum of Pichon Present?** | | **Yes** | |
| **Harlan, LLC** | | | | **24.57%** |
| | **Members of Harlan** | **% of Harlan** | | |
| | John O'Brien | 50% | Yes | |
| | William Gayler | 50% | No | |
| | TOTALS | 100% | | |
| | **% of All Members Present** | | **50%** | |
| | **% of Non-Managing Members Present** | | **100%** | |
| | **Quorum of Harlan Present?** | | **Yes** | |
| **TGF Holdings, LP** | | | **No** | **5.62%** |
| | **Members of TGF** | **% of TGF** | | |
| | William Gayler | 100% | No | |
| | TOTALS | 100% | | |
| **Walter Loerwald** | | | **No** | **3.78%** |
| **% of All Members Present** | | | | **90.6%** |
| **% of Non-Managing Members Present** | | | | **94.15%** |
| **Quorum of CH Angelus II Present?** | | | | **Yes** |

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Plaintiffs in the State Court Case filed a Motion with the District Court to approve the above member resolutions. *See* Moore Decl.; *see also* O'Brien Decl. Gayler filed a Counter-Motion to compel arbitration and was represented by his personal bankruptcy counsel, Jeff Sylvester and Matthew Kneeland. *See id*.; *see also* O'Brien Decl. Gayler's opposition and countermotion raised no objections related to whether the meeting was properly noticed. The hearing on the Plaintiffs' motion to approve the member resolutions took place on July 19, 2012. *See id*.; *see also* O'Brien Decl. According, Gayler was acutely aware of his removal as managing member of Angelus II prior to and at the time of the July 19, 2012 hearing on Plaintiffs' Motion.

With regard to the propriety of the June meeting as to notice and quorum, the State Court approved the resolutions related to the enforcement of the settlement agreement, thereby, affirming that the meeting was properly held and that a quorum was present for voting on the issues presented at the meeting. *See* Order Approving Resolutions entered August 28, 2012, attached hereto as Exhibit 14. The Court specifically found that "proper notice of the Member Meeting was provided to all members of Angelus I and Angelus II members." *See id.* The Court specifically found that "a quorum was present at the Member Meeting on behalf of Angelus I and Angelus II." *See id.*

The Court did not approve the resolutions associated with the voting in of the new managing members because the Court believed those matters to be outside of its jurisdiction given the scope of the litigation and believed those matters to be related to the internal governance of the entities. *See id.* This should in no way be misconstrued as any finding by the Court that the Court refused to remove Gayler as managing member. On the contrary, the Court approved all of the other resolutions and found that the meeting was properly noticed and that a quorum was present for Angelus II. The Court simply abstained from approving resolutions made at that same meeting that were not relevant to the action pending before it.

In addition, upon entry of the Court Order distributions were made from the settlement proceeds to all members of Angelus II, except Gayler[3], from the sale proceeds in checks written in proportion with the member's interest in Angelus II. All members of Angelus II, including those members not present at the meeting either by proxy or attendance[4] but excluding Gayler, cashed their settlement checks. Thus, everyone, except Gayler, ratified what happened at that meeting and waived the notice requirement.

Thus, on October 30, 2012, Gayler was no longer the managing member of Angelus II. With that said, it is Angelus II Member's position that even if Gayler has any colorable claim to still being the managing member of Angelus, Groth, Pichon, or Harlan, he still lacked the corporate authority to file the October 30, 2012 Voluntary Petition with the United States Bankruptcy Court, District of Nevada on behalf of Ch. Angelus II, LLC, Case No. 12-22209-MKN.

**D. THE IMPROPER BANKRUPTCY CASE.**

The schedules include virtually no information and the little information that was provided was inaccurate. The schedules state that the following are alleged creditors of Angelus II:

1. Alleged taxes owed by Angelus II (all taxes have been paid current by the Angelus II Members);

2. The alleged bookkeeper for Angelus II, Coffey & Radar employed by Gayler and allegedly owed $2,800.00;

3. The Nevada Secretary of State for dissolution fees in the amount of $1,200.00[5];

---

[3] The members voted to hold Gayler's distribution until claims against Gayler were resolved. The State Court approved distributions but stated that the ruling did not require distribution to Gayler.

[4] This includes Walter Leorwald, Kevin Morley, Martin and Robin Barrett, and John Waroe.

[5] It is unclear what these fees are and the Nevada Secretary of State does not charge that amount for the dissolution of an LLC. Rather the fees charged for the dissolution of a domestic LLC are $100.00. *See* Nevada Secretary of State Fee Schedule attached to the Motion as "Exhibit 4."

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

4. Origin Capital Partners for alleged real estate commissions and alleged management fees due associated with Gayler's fraudulent and unauthorized sale that is the subject of the Second State Court Case (Gayler is managing member of this entity);

5. In a clear conflict of interest, Spencer Judd, Esq. bankruptcy attorney hired by Gayler for Angelus II for pre-petition prior consultation for potential bankruptcy;

6. Sylvester & Polednak, Gayler's personal bankruptcy counsel; and

7. TGF Holdings, LP which according to the Nevada Secretary of State is an entity in default with two partners, Gayler and another entity, Morpheus Enterprises, LLC. Morpheus Enterprises, LLC status with the Secretary of State has been revoked and its managing member is none other than Gayler. *See* Secretary of State Business Entity Search for TGF Holding, LP and Morpheus Enterprises, LLC, attached to the Motion as "Exhibit 5." Interestingly, TGF Holdings, LP, listed as a creditor, paid the retainer for Spencer Judd, Esq. bankruptcy counsel retained by Gayler for Angelus II.

On October 31, 2012, the clerk of the Court issued a Notice of Incomplete and/or Deficient Filing due to the lack of a corporate resolution authorizing the bankruptcy filing. *See* Dkt. No. 6. On November 7, 2012, Gayler filed a Resolution of Ch. Angelus II, LLC ("*False and Unauthorized Resolution*"). *See* Dkt. No. 12. This False and Unauthorized Resolution was amended in conjunction with the filing of Gayler's Opposition although the only substantive change between the original False and Unauthorized Resolution and the amendment is the change of authorization from filing a Chapter 11 to filing a Chapter 7. The False and Unauthorized Resolution as originally filed and as amended was signed solely by Gayler as alleged managing member of Angelus II, Groth, Pichon, and Harlan and was executed "without a meeting of the Company." The False and Unauthorized Resolution is not dated and authorizes bankruptcy to "stay the Clark County tax sale on property (parcel 176-10-101-010)," a property that the Angelus II Members have already paid the taxes on and that is not even listed as an asset on Angelus II's schedules as prepared by Gayler but would remain an asset of Angelus II if Gayler had not attempted to sell the property without authorization from the other members prior

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

to filing the unauthorized Chapter 7 petition. *See* Dkt. No. 12. Furthermore, on question 23 of the SOFA, Gayler lists the disbursements made to members of Angelus II, other than Gayler, which were voted on and approved by members and were authorized by the Court in the State Court Case I pursuant to the settlement with Alper as "Unauthorized Disbursements."

Angelus II, Groth, Pichon, and Harlan did not have a meeting of its shareholders or directors to discuss the filing of the Angelus II bankruptcy. Gayler has not requested, and does not have, authorization from the members to file a bankruptcy petition for Angelus II. Furthermore, Gayler has no authority to sign anything as the managing member of Angelus II, Groth, Pichon, and Harlan as he is no longer managing member of any of those entities.

## III. ARGUMENT

### A. THE BANKRUPTCY FILING WAS IMPROPER AND SHOULD BE DISMISSED

#### 1. Even if Gayler Could Prove His Claim to be the Managing Member of Angelus, Groth and Pichon, Gayler Did Not Have Corporate Authority To File This Bankruptcy Case.

Local Rule 1002(b) requires a resolution of the corporation's board of directors be attached to the voluntary petition:

> When a voluntary petition is filed by a corporation, there must be attached to it a true copy of the resolution of the corporation's board of directors authorizing the filing.

LR 1002(b). Voluntary bankruptcy cases are commenced pursuant to Section 301 of the Bankruptcy Code. Whether a business entity properly is authorized to file a bankruptcy petition is a matter determined under state law. *See, e.g.*, 2 *Collier on Bankruptcy,* ¶ 301.04[7][a], [b] and [c] at 301–11–12 (15th Ed. Revised 2003); *see also Price v. Gurney,* 324 U.S. 100, 106–07, 65 S.Ct. 513, 89 L.Ed. 776 (1945); *In re Monterey Equities–Hillside,* 73 B.R. 749, 752 (Bankr. N.D. Cal.1987); *In re Avalon Hotel Partners, LLC*, 302 B.R. 377, 380 (D. Or. 2003). However, that general principle simply recognizes the reality that "entities," other than "individuals," who

may be "debtors" for purposes of §§ 101(15), 101(41) and 109, including corporations, limited liability companies, partnerships and trusts, are creatures of state rather than federal law, and their governance structures are determined under state law. For example, in *Price,* the issue was who had authority to file for bankruptcy relief in behalf of a corporation. *Price v. Gurney*, 324 U.S. at 106–07, 65 S.Ct. 513.

LLCs are hybrid business entities, with attributes both of corporations and partnerships. They provide their equity holders or "members" with the liability shield of corporations while giving them the benefit of partnership tax treatment. *See In re Avalon Hotel*, 302 B.R. at 380, *citing* Blakemore, "Limited Liability Companies and the Bankruptcy Code: A Technical Review," 13 *Am. Bankr.Inst. J.* 12 (1994).

In *In re Avalon Hotel*, the Oregon Court found that the managing member of an LLC lacked the authority to file bankruptcy on behalf of an LLC debtor. In *In re Avalon Hotel*, the bankruptcy case was commenced following the adoption of a resolution by debtor's manager and signed by its Assistant Manager, authorizing the filing of a chapter 11 petition, without member approval. According to the Oregon Court, "a decision to file for bankruptcy protection is a decision outside of the ordinary course of business, even for an entity in dissolution." *See In re Avalon Hotel*, 302 B.R. at 380. In examining Oregon law, the *In re Avalon* Court, noted that Oregon statutory law stated that a decision to convert an LLC into any other type of entity requires the consent of a majority of the members. *See id.* at 380-81, *citing* ORS 63.130(4)(f). the court further ruled that the filing of a Chapter 11 petition was akin to a conversion of the LLC.

Angelus II is a Nevada limited liability company ("LLC"). Nevada LLCs are governed by the provisions of Nevada Revised Statutes ("NRS") Chapter 86 and related Chapters of the NRS and by the terms of their organizational documents, their Articles of Organization and Operating Agreements. The Court should follow the rationale in *In re Avalon Hotel* and in examining Nevada law, find that the alleged managing member of an LLC lacks the authority to

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

unilaterally file bankruptcy on behalf of an LLC debtor by simply executing a resolution signed solely by that individual without any notice or consent to any other members of the LLC. A decision to file for bankruptcy protection is a decision outside of the ordinary course of business, even for an entity in dissolution and should be approved by the members of the LLC. *See In re Avalon Hotel*, 302 B.R. at 380; *see also* Exhibit 3 at Dkt. No. 14-1, p. 39, Section 7.01(b) (stating that a managing member may not do any act that would make it impossible to carry on the ordinary business of the Company without the prior written consent or ratification of fifty-one percent (51%) of the non-managing members). Furthermore, similar to Oregon law, Nevada statutory law states that a decision to convert an LLC into any other type of entity requires the consent of a majority of the members. *See* NRS 92A.150; *see also Avalon Hotel*, 302 B.R. at 380-81, *citing* ORS 63.130(4)(f).

Thus, even if the Court assumes arguendo that the June meeting was improper and, therefore, Gayler is somehow still managing member of Angelus II, Nevada law and the operating agreement required the consent of the other non-managing members which Gayler failed to obtain. Furthermore, Gayler is also no longer the managing member of Groth, Pichon, or Harlan and never gave notice or obtained the consent of the other members of any of those non-managing member entities to file the Angelus II bankruptcy.

**2. Gayler is Not the Managing Member of Angelus, Groth and Pichon, and Gayler Has No Corporate Authority To File This Bankruptcy Case.**

The fact is that Gayler is no longer the managing member of Angelus II, Groth, Pichon, or Harlan. The State Court found that the June meeting was properly noticed to all of the members of Angelus II and that the June meeting had a quorum present for Angelus II. At that meeting, through majority vote of non-managing members, the members voted to remove Gayler as managing member for cause and that position now is held by Barry Moore.

Gayler is also no longer the managing member of the non-managing member entities, Groth, Pichon, or Harlan. That position is now held by John O'Brien. Gayler has no authorization to act in the capacity of the managing member for Angelus II, Groth, Pichon, or

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Harlan. The False and Unauthorized Resolution filed by Gayler originally and as amended was executed without notice to any other member, without a meeting, was improperly signed as if he was the managing member, and is a resolution for a bankruptcy filing to avoid a tax sale on a property not even listed in the schedules and for taxes that the other members of Angelus II have already paid current. *See* Dkt. No. 12. It patently fails to satisfy the requirements of LR 1002(b) and is a farse. Without a majority of the members voting to file the petition, Gayler did not have corporate authority to file the petition.

**3. <u>This Bankruptcy Case Should Be Dismissed.</u>**

Bankruptcy Code §707(a) authorizes the Court to dismiss a bankruptcy petition filed under Chapter 7 of the Bankruptcy Code for cause, which includes:

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. §707(a). The Ninth Circuit has clarified that the grounds listed in Bankruptcy Code §707(a) as "cause" for dismissal are illustrative and not exhaustive. *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1191 (9th Cir. 2000), *superseded on other grounds; see also* 11 U.S.C. §102(3) [defining "including," for purposes of Title 11 to be "not limiting"].

Again, this case was originally filed without a corporate resolution authorizing the bankruptcy filing. When the False and Unauthorized Resolution was filed, it was executed by an individual with no actual authority on behalf of Angelus II. The Angelus II members never were asked to, never voted to, and never did, approve Angelus II's bankruptcy filing. Gayler's

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

decision to file Angelus II's petition on behalf of Angelus II was a unilateral decision that was not consented to by the majority of the members; thus, it was an unauthorized corporate act. This type of unauthorized corporate act constitutes cause for dismissal of this Bankruptcy case. *See Price v. Gurney*, 324 U.S. 100, 106 (1945); *Kelly v. Elgin's Paint & Body Shop, Inc. (In re Elgrin's Paint & Body Shop, Inc.)*, 249 B.R. 110, 112 (Bankr. S.C. 2000) [lack of corporate authority for the filing of a petition constitutes cause for dismissal of the case]. The Court should dismiss this case.

**4. <u>The Bankruptcy Petition Was Filed As A Litigation Tactic</u>**

Gayler's purpose for filing this bankruptcy case was not to effectuate an orderly liquidation of Angelus II's business for the benefit of creditors, because there are no legitimate, substantial creditors. Rather, the filing was a litigation tactic to delay and frustrate the dispute that is the subject of the State Court Case.

In the Opposition, Gayler vaguely states that the Petition was filed "to take advantage of bankruptcy protections granted by the legislature" and to stop a tax sale. These taxes have been paid be the other members of Angelus II and are no longer due. As such, there remains no explanation for why Gayler filed this entity's bankruptcy other that as a tactic to stop or delay the entity from pursuing a lawsuit brought by the entity and its other members against Gayler, himself.

Upon review of the bankruptcy schedules and statement of financial affairs filed in this case, it is clear that there is no reason for Angelus II to be in a bankruptcy case. According to Angelus II's Bankruptcy Schedules and Statement of Financial Affairs as prepared by Gayler, Angelus II has nothing to gain by filing bankruptcy. Nor would Angelus II be entitled to a discharge in Chapter 7. *See* 11 U.S.C. §727(a)(1). Angelus II has nothing to gain by remaining in bankruptcy and does not need Chapter 7 bankruptcy protection.

Underlying this bankruptcy case is a two-party dispute between Angelus II's members. It is this underlying dispute, not Angelus II's need for a liquidation, that is at the heart of this matter. The reason for the improper and unauthorized bankruptcy filing is transparent: to attempt to hinder and delay the State Court Lawsuit for the benefit of Gayler. This type of forum shopping should not be tolerated. *See St. Paul Self Storage Limited Partnership v. The Port Authority of the City of St. Paul (In re St. Paul Self Storage Limited Partnership)*, 185 B.R. 580, 583 (9th Cir. BAP 1995) (using the "bankruptcy code as a means to escape to a forum which is perceived to be more friendly" is improper). Continuing this bankruptcy case would waste this Court's judicial resources because it would require the Court to involve itself in a two-party dispute already being litigated in Sate Court, with no bankruptcy benefit to Angelus II or its alleged creditors. The Court should dismiss this case, so that the disputes between Angelus II's members may be resolved in State Court.[6] *See United States Voting Machines, Inc. v. Powelson (In re United States Voting Machines, Inc.)*, 2007 U.S. Dist. LEXIS 98101 (Chapter 7 corporate case dismissed to preserve the Bankruptcy Court's resources because the case was "essentially a two-party dispute" already being litigated in another forum).

---

[6] The Court may also exercise its discretion to dismiss the case under Bankruptcy Code §305(a) (The court may dismiss a case under this title . . . at any time if the interests of the creditors and debtor would be better by such dismissal"); *Wechsler v. Macke (In re Macke International Trade, Inc.)*, 370 B.R 236, 247 (9th Cir. BAP 2007) (abstention appropriate where bankruptcy was essentially a two-party dispute; there was no purpose for the bankruptcy; there was pending litigation in another forum; and another forum would be more appropriate for the resolution of any disputes between the parties).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## IV. CONCLUSION.

This bankruptcy case was improper from its inception. Gayler did not seek and did not have authority to file the petition, there was no business reason to file the petition, and he misrepresented facts and assets in the schedules, the declaration, and the False and Unauthorized Resolution. The underlying dispute between Angelus II's members is already pending in state court and belongs there, not in the Bankruptcy Court. The Angelus II Members urge the Court to dismiss this case but reserve jurisdiction to determine whether sanctions should be assessed.

Submitted this 16th day of January, 2013.

MARQUIS AURBACH COFFING

By /s/ Shara Larson, Esq.

Shara Larson, Esq.
Nevada Bar No. 7786
Zachariah Larson, Esq.
Nevada Bar No. 7787
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorney(s) for Managing Member and Equity Interest Holders in CH. Angelus II, LLC

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**CERTIFICATE OF SERVICE**

On this 16th day of January, 2013, I served the following document(s) (specify):

REPLY TO WILLIAM GAYLER's OPPOSITION TO MOTION TO DISMISS BANKRUPTCY CASE PURSUANT TO 11 U.S.C. §707

I served the above-named document(s) by the following means to the persons as listed below (*check all that apply*):

☒ **a.** **ECF System** (*You must attach the "Notice of Electronic Filing," or list all persons and addresses and attach additional paper if necessary.*)

SPENCER M. JUDD on behalf of Debtor CH ANGELUS II LLC
spencer@SJuddLaw.com, korinleslie@msn.com

HOWARD C. KIM on behalf of Trustee DAVID ROSENBERG
howard@hkimlaw.com, jackie@hkimlaw.com; sarah@hkimlaw.com; diana@hkimlaw.com; sarah@hkimlaw.com

ZACHARIAH LARSON on behalf of Interested Party BAMM Living Trust Dated July 16, 2003
cshurtliff@maclaw.com, sstanton@maclaw.com; akosina@maclaw.com; mwalters@maclaw.com

DAVID A. ROSENBERG
darosenberg@7trustee.net, nv23@ecfcbis.com

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

☐ **b.** **United States mail, postage fully prepaid** (*List persons and addresses. Attach additional paper if necessary.*)

☐ **c.** **Personal Service** (*List persons and addresses. Attach additional paper if necessary.*)

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by

leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ **d. By direct email (as opposed to through the ECF System)** (*List persons and email addresses. Attach additional paper if necessary.*)

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **e. By fax transmission** (*List persons and fax numbers. Attach additional paper if necessary.*)

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ **f. By messenger** (*List persons and addresses. Attach additional paper if necessary.*)

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (*A declaration by the messenger must be attached to this Certificate of Service.*)

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: January 17, 2013

Susan Stanton
(Name of Declarant)

/s/ Susan Stanton
(Signature of Declarant)

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816