

_____
Honorable William T. Thurman
United States Bankruptcy Judge

**Entered on Docket**
**April 25, 2014**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

In re:                                ) Case No.: 12-22209-MKN
                                      )
CH ANGELUS II, LLC,                   ) Chapter 7
                                      )
         Debtor.                      ) Date: May 16, 2014
                                      ) Time: 2:00 p.m. (PDT)
                                      )
_____       )

**ORDER ON MOTION TO WITHDRAW**

On April 17, 2014, Howard Kim & Associates ("Kim"), attorneys of record for former Trustee David A. Rosenberg ("Rosenberg")[1], filed a Motion to Withdraw as Counsel for the Trustee ("Motion to Withdraw"). (ECF No. 72). In response to a potential conflict of interest raised by the United States Trustee, and in light of Rosenberg's resignation in both the Angelus II and Gayler bankruptcy cases, Kim believes its withdrawal as trustee's counsel in this case is appropriate.

On April 22, 2014, a limited opposition was filed by Managing Member of CH Angelus, II, LLC, Barry Moore; Equity Interest Holders of CH Angelus, II, LLC, Barry R. Moore and

---

[1] Rosenberg was appointed the Chapter 7 Trustee for the bankruptcy estate of CH Angelus II, LLC ("Angelus II"), and for the William A. Gayler ("Gayler") bankruptcy estate, denominated Case No. 09-31603-MKN. On or about April 15, 2014, Rosenberg simultaneously resigned as Trustee for both cases.

1

Janie Moore as Co-Trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, CH Pichon, LLC, and Harlan LLC through their managing member John O'Brien (collectively, "Angelus II Members"). (ECF No. 82). Through its limited opposition, Angelus II Members do not dispute Kim's right to withdraw as counsel for trustee, but solely request the court to reserve jurisdiction over any reviews of allowance of compensation that Rosenberg and Kim may seek in relation to this case, or any other potential allegations that might be pursued against either professional in the future.

On April 24, 2014, the Court held a hearing on shortened time regarding Kim's Motion to Withdraw. The Honorable William T. Thurman, sitting by specific designation in lieu of the Honorable Mike K. Nakagawa, presided telephonically. The appearances of counsel were noted on the record.

Finding that good cause has been shown, the court authorizes the withdrawal of Kim as counsel for trustee in this case, effective immediately. As a condition of its withdrawal, Kim shall reasonably cooperate in the transition of this case by providing all necessary support to the newly appointed trustee. Additionally, the withdrawal is subject to the Court's retention of continuing jurisdiction for review of fees and other possible actions with respect to professionals, including the trustee.

**IT IS THEREFORE ORDERED** that the Motion to Withdraw as Counsel for the Trustee ("Motion to Withdraw"), Docket No. 72, be, and the same hereby is, **GRANTED**, effective April 24, 2014.

**IT IS FURTHER ORDERED** that as a condition of his withdrawal Howard Kim & Associates **SHALL** reasonably cooperate in the transition of this case by providing all necessary support to the newly appointed Trustee Dotan Y. Melech.

**IT IS FURTHER ORDERED** that the Court **SHALL** retain continuing jurisdiction over fees and any other matter that may be appropriately brought before the Court with respect to alleged conduct by any of the professionals involved in this case.

**IT IS SO ORDERED.**

Notice and Copies sent through:

CM/ECF ELECTRONIC NOTICING AND/OR BNC MAILING MATRIX

# # #